UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN HODGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 12-10676-FDS |
| BRUCE GELB,[1] ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER ON
MOTION TO STAY AND MOTION FOR RELEASE

SAYLOR, J.

On June 14, 2013, this Court granted petitioner Ivan Hodge's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In its opinion, the Court ordered that petitioner be released from custody unless the Commonwealth moved to retry him within 60 days from the entry of judgment. The Commonwealth has now moved, pursuant to Federal Rule of Civil Procedure 62 and Federal Rules of Appellate Procedure 8 and 23, for a stay of execution of the Court's order, pending the resolution of the appeal in this case. Petitioner has moved for release on personal recognizance.

"[W]hen the government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody 'unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall

---

[1] The original respondent in this case, Anthony Mendonsa, is no longer the Superintendent of the Souza-Baranowski Correctional Center. Accordingly, the Court has substituted the current superintendent, Bruce Gelb, as the proper respondent.

otherwise order." *Hilton v. Braunskill*, 481 U.S. 770, 772 (1987), citing Fed. R. App. Proc. 23(c).  Rule 23(c) thus creates a presumption of release from custody.  *Id*.  That presumption may, however, be overcome.  *See id.*

In determining whether a stay should be granted, this Court is guided by a number of factors, including:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Id.* at 776-77.  The Court may also consider such factors as the possibility of flight and the risk that the prisoner will pose a danger to the public if released.  *Id*. at 777.

While the interest of a habeas petitioner in release pending appeal is always substantial, the Court finds that it is, in this case, outweighed by other factors.  Respondent has presented a substantial case on the merits, involving serious and difficult legal questions; under such circumstances, a stay may be warranted even if the applicant has not "persuade[d] the court that it is likely to be reversed on appeal."  *Canterbury Liquors & Pantry*, 999 F. Supp 144, 150 (D. Mass 1998).  Further, given that petitioner is subject to a life sentence, the state's interest in continued custody is particularly strong.  *See Hilton*, 481 U.S. at 777.  Finally, respondent has submitted evidence that petitioner has been involved in multiple altercations during the term of his incarceration, and thus has made at least a threshold showing that he could pose a danger to the public.

In light of the difficult legal questions presented by this case, the severity of the crime of which petitioner was convicted, the lengthy sentence that remains to be served, and the potential

that the public could be endangered by premature release, this Court finds that there is cause to depart from the presumption of release in this case. Accordingly, respondent's motion for a stay of the execution of this Court's order will be granted, and petitioner's motion for release will be denied. Execution of the order will be stayed pending appeal of this Court's decision.

### IV. Conclusion

For the foregoing reasons, respondent's motion for a stay is GRANTED, and petitioner's motion for release is DENIED. The execution of this Court's order of June 14, 2013 is STAYED pending appeal of this Court's decision.

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated: July 12, 2013